UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24329-BLOOM/Torres

JONATHAN DALEY,

    Plaintiff,
v.

TRANS UNION LLC,

    Defendant.
_____/

**ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** is before the Court upon Plaintiff Jonathan Daley's ("Plaintiff") Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3]. Plaintiff is proceeding *pro se* and has not paid the required filing fee. The Court has carefully considered the Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied as moot.

**I.    BACKGROUND**

Plaintiff filed the Complaint on November 9, 2023, which was entered on November 13, 2023, asserting violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and seeking declaratory and monetary relief. ECF No. [1]. According to the Complaint, Plaintiff noticed discrepancies on his credit report. ECF No. [1] ¶ 5. On November 16, 2022, Plaintiff asserted in a complaint to the Consumer Financial Protection Bureau (CFPB) that "[t]his is not my debt, company is reporting inaccurate information including date account was opened which shows two different dates on my credit report 10/01/2023 and 10/14/2020 and account balance of $19,7997 and credit limit $12,300." ECF No. [1-2] at 1. Plaintiff attached an identity theft report, an "ID 301", and a "Validation of Debt (After Dispute to Bureau)". *Id.* at 2. Defendant stated it investigated the disputed information by contacting the creditors to verify the accuracy of the

information and that it was unable to block the information. *Id.* at 3. As part of Defendant's investigation, Defendant updated Plaintiff's address and "UPDATED EXPIRATION". *Id.* at 3-4.

On January 10, 2023, Plaintiff was rejected as a job candidate based on information contained in the credit report. ECF No. [1] ¶ 8.

Plaintiff sent a complaint to the CFPB stating that there were factual inaccuracies on Plaintiff's consumer report on August 2, 2023. *Id.* ¶ 12. Plaintiff wrote that a creditor named Navient was inaccurately reporting a 90-day late payment in May 2023 and Plaintiff asserted that he "was not late in March 2023 and April 2023." ECF No. [1-2] at 17. Defendant Transunion LLC ("Defendant"), a credit reporting agency, responded by updating Plaintiff's credit file with respect to the Navient account. *Id.* at 21. Plaintiff sent another letter to the CFPB on August 8, 2023. ECF No. [1] ¶ 13. Plaintiff asserted that he had been a victim of identity theft and that his credit report showed a "negative account". ECF No. [1-2] at 24-25. Defendant responded that it was unable to block the information regarding the negative account because it verified the accuracy of the information by contacting the relevant creditors. *Id.* at 26. Defendant updated Plaintiff's information with respect to creditor Bank of America. *Id.*

On August 9, 2023, Plaintiff applied for credit, but the bank denied the application because of inaccurate account information that Defendant reported on Plaintiff's credit report. ECF No. [1] ¶¶ 14, 15.

On August 29, 2023, Plaintiff sent Defendant another letter alerting it to inaccuracies on Plaintiff's credit report. *Id.* ¶ 16. The letter stated that eleven accounts, including an account each with Bank of America, LJ Ross Associates Inc., TD Bank, and ADS/Comenity/IKEAAPC; three accounts with Navient; and four accounts with American Express reflected inaccurate or incomplete information. ECF No. [1-2] at 15.

On September 26, 2023, Plaintiff sent Defendant an identity theft report to support that Plaintiff's credit report was inaccurate. *Id.* ¶ 17. The identity theft report states that "fraudulent accounts or charges appear on my credit report" regarding the LJ Ross Associates account. ECF No. [1-2] at 29. On October 5, 2023, Defendant sent a letter to Plaintiff stating that it had completed an investigation. ECF No. [1-2] at 6. Regarding the TD Bank Account, Defendant stated that it made a change to items based on Plaintiff's dispute and other information was also changed. Regarding the Bank of America Account, Plaintiff's disputed items were verified as belonging to Plaintiff and information was changed or updated to reflect "recent activity". *Id.* at 8. Regarding the other accounts, Defendant represents that it investigated the information that Defendant disputed and that "the disputed information was VERIFIED AS ACCURATE". *Id.* at 9-11.

## II.   LEGAL STANDARD

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees. . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*).

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

3

himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). Further, the Section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

In determining what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), the Eleventh Circuit has held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

In determining whether an action fails to state a claim on which relief may be granted, the following standards are relevant. A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

### III.   DISCUSSION

As a preliminary matter, the Complaint is an impermissible shotgun pleading. Shotgun pleadings violate Rule 8 of the Federal Rules of Civil Procedure, which requires "a short plain statement of the claim showing that the pleader is entitled to relief[.]" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting Fed. R. Civ. P. 8(a)(2)). The Eleventh Circuit has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 F. App'x 796, 797

(11th Cir. 2018) (quoting *Vibe Micro, Inc. v*, 878 F.3d at 1295). Shotgun pleadings are improper because they "fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Construing the Complaint liberally, Plaintiff is suing only Defendant for one count of violating the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681e(b) ("[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."). However, Plaintiff lumps into that count four instances in which he notified Defendant of inaccuracies in his credit report, rather than claiming four counts of § 1681e(b) violations. Also, Plaintiff alleges two instances of harm that stem from the four instances of credit reporting inaccuracies but does not allege which purported inaccuracies caused Plaintiff's harm. As such, the Complaint is a shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.").

Relatedly, the Complaint, when considered together with the exhibits attached thereto,[2] does not contain sufficient factual matter to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. That is because Plaintiff's allegations fail "factually [to] allege how Plaintiff's credit report is inaccurate and makes solely conclusory allegations as to the unreasonableness of Defendants' investigative procedures." *See Padilla v. Experian Info. Sols., Inc.*, No. 23-cv-60669, 2023 WL 4014700, at *4 (S.D. Fla. May 12, 2023) (setting forth the elements of a cause of action under the

---

[2] *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings *and exhibits attached thereto*.'" (quoting *GSW, Inc. v. Long County,* 999 F.2d 1508, 1510 (11th Cir.1993))) (emphasis added).

FCRA for violations of § 1681e(b) and finding that the plaintiff failed to show that the credit report contained inaccurate information and inadequately alleged "threadbare recitals" of the elements of a §1681e(b) claim (quoting *Iqbal*, 556 U.S. at 678)).

"To state a claim under § 1681e, the plaintiff must show that [1] the agency's report contained factually inaccurate information, that [2] the procedures it took in preparing and distributing the report weren't 'reasonable,' and that [3] damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021). As part of a plaintiff's showing, he or she "must 'show that a credit reporting agency prepared a report containing "inaccurate" information,' which, if not shown, fails to establish a violation of the FCRA." *Padilla*, 2023 WL 4014700, at *2 (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991) and *Lacey v. TransUnion, LLC*, No. 21-CV-519-02-JSS, 2021 WL 2917602, at *3 (M.D. Fla. July 12, 2021)). The Complaint fails to show that Defendant prepared a report containing inaccurate information. Plaintiff alleges that a certain item on his credit report was "not [his] debt" and that the credit report reflects inaccurate dates for the debt and the debt dollar amounts. ECF No. [1-2] at 1. However, the record shows that there are eleven accounts in the credit report, so it is not clear which debt Plaintiff claims does not belong to him. Moreover, apart from his reference to payments he timely made in March and April 2023 for one of the Navient accounts, the Complaint is devoid of other facts detailing how Defendant has inaccurately reported on his eleven credit accounts.

The allegations in the Complaint also fail to show that Defendant's procedures in preparing and distributing the report are not reasonable. Although Plaintiff complains about Defendant's purported failure to investigate adequately the alleged inaccuracies—a contention that is itself conclusory given that Defendant purportedly verified the account information with the relevant

7

Case No. 23-cv-24329-BLOOM/Torres

creditors—Plaintiff fails to set forth allegations concerning the procedures Defendant took in preparing and distributing the report. Because Plaintiff fails to adequately plead two elements of a § 1681e claim, the Complaint is due to be dismissed.

Furthermore, since the Court will dismiss the Complaint, Plaintiff's Motion is due to be denied as moot. In addition, because Plaintiff has furnished personally identifiable information in his exhibits, the Court will direct the Clerk to restrict docket entry 1-2.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's Motion to Proceed *in Forma Pauperis*, **ECF No. [3]**, is **DENIED AS MOOT**.

3. The Clerk shall **CLOSE** the case. The Court is further directed to seal docket entry 1-2 because it contains Plaintiff's personally identifiable information.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 13, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Jonathan Daley
21137 NW 14th Place
#460
Miami, FL 33169